UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANIEL GERKEN,

                              Plaintiff,

     v.                                                      1:24-cv-01423 (AMN/MJK)

CAPITAL ONE FINANCIAL CORP.,

                              Defendant.
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**DANIEL GERKEN**
c/o 4 Winter Haven
West Sand Lake, New York 12196
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.**      **INTRODUCTION**

On November 22, 2024, Plaintiff *pro se* Daniel Gerken ("Plaintiff") commenced this action, which alleges violations of federal law and the Uniform Commercial Code ("UCC") by Capital One Financial Corp. ("Defendant") in connection with Plaintiff's outstanding credit card balance. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4.

This matter was referred to United States Magistrate Mitchell J. Katz, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on November 27, 2024, recommended that the Complaint be dismissed without prejudice and without leave to amend. Dkt. No. 4 ("Report-Recommendation"). Magistrate Judge Katz advised that pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that

failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 10.[1] Plaintiff filed his objections on December 6, 2024. Dkt. No. 5.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228–29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

The essence of Plaintiff's allegations is that he received one or more statements from Defendant indicating that he owed an outstanding balance on his credit card; that he converted one

3

or more of these statements into a "coupon" or "negotiable instrument" via certain handwritten notations, including references to the UCC, "Pay to the Bearer," "Accepted For Value," and "Paid in Full;" that Defendant refused to "honor" these "coupons" by failing to reduce Plaintiff's outstanding balance; and that Defendant also failed to properly address related billing disputes Plaintiff initiated. Dkt. No. 1; Dkt. No. 1-2; Dkt. No. 4 at 3–4.

The Report-Recommendation recommends dismissal of the Complaint as frivolous and for failure to state a claim. Dkt. No. 4. More specifically, Magistrate Judge Katz found Plaintiff's core allegation—"that [D]efendant is compelled to discharge his outstanding debt based on the 'negotiable instrument' submitted by him"—to be frivolous. *Id.* at 4–6. Magistrate Judge Katz further found that the Complaint failed to state a viable legal claim to the extent it relied on (i) the UCC; (ii) a criminal statute, 18 U.S.C. § 8 (entitled "Obligation or other security of the United States defined"); (iii) the Truth in Lending Act ("TILA"); or (iv) the Fair Credit Billing Act of 1974 ("FCBA"). *Id.* at 6–8. Finally, given the nature of the Complaint's allegations, Magistrate Judge Katz determined that amendment would be futile. *Id.* at 8–9.

Much of Plaintiff's submission in response to the Report-Recommendation does not actually provide objections to Magistrate Judge Katz's findings. Dkt. No. 5. Notably, Plaintiff highlights "that Plaintiff sent in a 'coupon' to defendant and this fact is acknowledged by [Magistrate Judge] Katz," *id.* at ¶ 8, and that "[b]y not accepting the discharge instrument from Plaintiff, they [Defendant] are falsely claiming there is a debt against Plaintiff," *id.* at ¶ 12. This is a reiteration of Plaintiff's allegations in the Complaint, rather than an objection to the Report-Recommendation. In addition, Plaintiff agrees with Magistrate Judge Katz's conclusion that he cannot rely upon the UCC to state a claim. *Id.* at ¶ 8. Other portions of Plaintiff's submission

4

appear purely procedural, *see id.* at ¶¶ 2–4, or state Plaintiff's general beliefs, *see, e.g., id*. at ¶¶ 1, 6, 12.

Nonetheless liberally construing Plaintiff's submission, the Court can discern three primary objections to the Report-Recommendation.

First, Plaintiff objects to the Report-Recommendation's finding that his claims are frivolous. Plaintiff suggests that his claims are distinguishable from similar frivolous claims, but does not explain how. *Id.* at ¶ 5. Instead, Plaintiff simply asserts that his Complaint "is overwhelmingly 'plausible on its face.'" *Id.* at ¶ 7. Plaintiff does not challenge the substantial authority upon which Magistrate Judge Katz's analysis relied, nor does Plaintiff identify any portions of the Complaint that Magistrate Judge Katz purportedly overlooked. As such, the Court concludes that this objection is without merit.

Second, Plaintiff argues that he should be able to rely upon various definitions of "coupon" and "negotiable instrument" in order to state a claim. *Id.* at ¶ 8. Largely for the reasons set forth in the Report-Recommendation, this argument is unavailing. *See, e.g.,* Dkt. No. 4 at 6.

Third, to the extent that Plaintiff's conclusory arguments regarding the TILA and FCBA constitute specific objections to the Report-Recommendation, Dkt. No. 5 at ¶¶ 9–10, they are unpersuasive. *Petersen*, 2 F. Supp. 3d at 228–29.

Plaintiff's remaining arguments are similarly unpersuasive and further demonstrate that amendment would be futile. *See, e.g.,* Dkt. No. 5 at ¶¶ 11–12. In sum, following *de novo* review, the Court agrees with Magistrate Judge Katz's findings and recommendations for the reasons set forth in the Report-Recommendation. Accordingly, the Report-Recommendation is adopted in its entirety.

IV.   **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 4, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED, without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules, and close this case.[2]

**IT IS SO ORDERED.**

Dated: January 8, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.